## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DAIJA D. LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-01197-JMB |
| | ) | |
| UPS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Daija D. Lane for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant UPS.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act of 1990 (ADA). (Docket No. 1 at 1). She asserts harassment, retaliation, and a failure to promote as a result of her race, gender, and disability. (Docket No. 1 at 4-5).

In her "Statement of Claim," plaintiff asserts that on July 6, 2020, she suffered an injury and took time off work. (Docket No. 1 at 5). After suffering a second injury, plaintiff states that

2

she was terminated on July 9, 2020 for being a no-call, no-show. The termination occurred even though she had provided UPS with a note from her doctor. Plaintiff states that she filed a grievance, resulting in her "termination being converted to a one-month unpaid suspension." Since returning to work, plaintiff contends that she has been given "excessive workloads…in an effort to make [her] quit."

Plaintiff has attached a charge of discrimination that has been dual filed with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights. (Docket No. 1-3). The charge of discrimination includes additional facts, which the Court has reviewed and treated as part of the pleadings.[1]

In the charge of discrimination, plaintiff alleges discrimination based on race, sex, disability, and retaliation. (Docket No. 1-3 at 1). She asserts that she is an "African American female with a disability" who was hired by UPS on November 15, 2019. On July 6, 2020, plaintiff "suffered an injury and took time off work." Then, on July 9, 2020, plaintiff was terminated for "being a no-call no-show despite providing [her] employer with a doctors note."

Plaintiff filed a grievance after being terminated, resulting in the "termination being converted to a one-month unpaid suspension." She did not agree with the suspension, but accepted it so that she could return to work. Immediately following the end of the suspension, plaintiff began a medical leave of absence, and did not return to work until December 9, 2020.

On March 14, 2021, plaintiff applied for a driver position, but claims she was "skipped over." On June 21, 2021, however, she was offered a driver position, which she accepted. Plaintiff

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

alleges that she "was not trained properly" and was "given excessive work," in an effort to make her quit. She contends that she was subjected to these "adverse actions on the basis of [her] race and sex and in retaliation for engaging in protected activity." (Docket No. 1-3 at 1-2).

Based on these allegations, plaintiff asks the Court to "rule as fair as possible." (Docket No. 1 at 7).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII and the ADA. Because she is proceeding in forma pauperis, the Court has reviewed her complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant UPS.

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Title VII also prohibits retaliation against an employee who files charges of discrimination or assists others in opposing discrimination." *Thompson v. Bi-State Development Agency*, 463 F.3d 821, 826 (8th Cir. 2006). *See also Barker v. Missouri Dept. of Corrections*, 513 F.3d 831, 834 (8th Cir. 2008) ("Title VII prohibits an employer from discriminating against an employee who has opposed any practice made unlawful employment practice under this subchapter or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter").

Meanwhile, the "ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d

4

933, 940 (8th Cir. 2018). Discrimination includes an employer not making a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012).

Under both Title VII and the ADA, plaintiff must first exhaust her administrative remedies before filing suit. *See Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018) (stating that before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies); and *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018) (stating that in order to assert ADA claim, plaintiff must have first exhausted his administrative remedies by filing a charge of discrimination with the EEOC).

In this case, plaintiff alleges that she is an African-American female with a disability and that she was terminated for taking time off of work despite having documentation from a doctor. When plaintiff complained, the termination was changed to a one-month unpaid suspension, which she felt compelled to accept. After the suspension, and following medical leave, plaintiff returned to work. At this point, she alleges that she was initially skipped over for a driver position, trained improperly, and given excessive workloads, which she states is a result of discrimination and retaliation for her earlier grievance.

Plaintiff also alleges that she has filed a charge of discrimination with the EEOC, and has attached a copy to the complaint. She further states that she has received a right-to-sue letter from the EEOC.

The Court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of plaintiff. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). In addition, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less

stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Court will direct the Clerk of Court to issue process on defendant UPS.

### Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant UPS, 520 S. Jefferson Ave., St. Louis, MO 63101, as to plaintiff's claims under Title VII and the ADA.

Dated this 27th day of January, 2022.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

7